IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BARNA, | : | Case No. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF SCHOOL DIRECTORS OF | : | |
| THE PANTHER VALLEY SCHOOL | : | |
| DISTRICT a/k/a PANTHER VALLEY | : | |
| BOARD OF EDUCATION, ANTHONY | : | |
| PONDISH, KOREEN NALESNIK, JEFFREY | : | |
| MARKOVICH, DAVID HILES, | : | |
| WILLIAM HUNSICKER, | : | |
| and ANTHONY DeMARCO, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, JOHN BARNA, by and through his counsel, the Law Offices of Gary D. Marchalk, LLC, files this Complaint and alleges as follows:

### The Parties

1. Plaintiff, JOHN BARNA ("Plaintiff" or "Mr. Barna"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 32 East Columbia Avenue, Nesquehoning, Carbon County, Pennsylvania 18240.

2. Defendant, BOARD OF SCHOOL DIRECTORS OF THE PANTHER VALLEY SCHOOL DISTRICT a/k/a PANTHER VALLEY BOARD OF EDUCATION (the "School Board") is a body corporate which is constituted and governed by Title 24, the "Public School Code of 1949" of the Pennsylvania statutes and Article III of the Constitution, also collectively

1

sometimes referred to herein as the "School Board Members." The Panther Valley School District (the "School District") maintains an address at 1 Panther Way, Lansford, Carbon County, Pennsylvania 18232.

3. Defendant, ANTHONY PONDISH ("Mr. Pondish"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 2 East Mill Street, Nesquehoning, Carbon County, Pennsylvania 18240. Mr. Pondish served as a member of the School Board at all times relevant hereto and is sued in both his individual capacity and his official capacity as a School Board Member of the School District.

4. Defendant, DONNA TRIMMEL ("Ms. Trimmel"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 144 West Columbus Avenue, Nesquehoning, Carbon County, Pennsylvania 18240. Ms. Trimmel served as a member of the School Board at all times relevant hereto and is sued in both her individual capacity and her official capacity as a School Board Member of the School District.

5. Defendant, KOREEN NALESNIK ("Ms. Nalesnik"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 31 Little Flower Avenue, Nesquehoning, Carbon County, Pennsylvania 18240. Ms. Nalesnik served as a member of the School Board at all times relevant hereto and is sued in both her individual capacity and her official capacity as a School Board Member of the School District.

6. Defendant, JEFFREY MARKOVICH ("Mr. Markovich"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth

of Pennsylvania with an address at 324 White Bear Road, Summit Hill, Carbon County, Pennsylvania 18250. Mr. Markovich served as a member of the School Board at all times relevant hereto and is sued in both his individual capacity and his official capacity as a School Board Member of the School District.

7. Defendant, DAVID HILES ("Mr. Hiles"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 219 White Street, Summit Hill, Carbon County, Pennsylvania 18250. Mr. Hiles served as a member of the School Board at all times relevant hereto and is sued in both his individual capacity and his official capacity as a School Board Member of the School District.

8. Defendant, WILLIAM HUNSICKER ("Mr. Hunsicker"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 5 Third Avenue, Nesquehoning, Carbon County, Pennsylvania 18240. Mr. Hunsicker served as a member of the School Board at all times relevant hereto and is sued in both his individual capacity and his official capacity as a School Board Member of the School District.

9. Defendant, ANTHONY DEMARCO ("Mr. DeMarco"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 29 East Garibaldi Avenue, Nesquehoning, Carbon County, Pennsylvania 18240. Mr. DeMarco served as a member of the School Board at all times relevant hereto and is sued in both his individual capacity and his official capacity as a School Board Member of the School District. The School Board, Mr. Pondish, Ms. Nalesnik, Mr. Markovich, Mr. Hiles, Mr. Hunsicker, and Mr. DeMarco shall hereinafter be referred to collectively as "Defendants."

## Jurisdiction and Nature of Action

10. This is a civil action under, *inter alia*, 42 U.S.C. §1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Mr. Barna of rights secured under the Constitution and laws of the United States, retaliating against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Mr. Barna.

11. This case arises under the United States Constitution and 42 U.S.C. §§1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983, and Rule 57 of the Federal Rules of Civil Procedure.

12. Mr. Barna brings this action resulting from damages incurred due to his removal and banishment from meetings of the School Board in violation of his federal constitutional rights to free speech.

13. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2). The actions complained of took place in this judicial district, evidence and pertinent records relevant to the allegations would be maintained in this judicial district, and the School Board and Defendants are present and/or conduct affairs in this judicial district.

## Factual Background

14. Mr. Barna, as a resident of the Borough of Nesquehoning and the Panther Valley School District, has at all times relevant hereto, taken considerable interest in the functioning and governance of the Panther Valley School District. This includes, but is not necessarily limited to, attendance at meetings of the School Board of the Panther Valley School District (the "School Board").

15. On or about April 8, 2010, Mr. Barna attended a public meeting of the School Board (the "April 8, 2010 School Board Meeting").

16. During the April 8, 2010 School Board Meeting, Mr. Barna asked several questions concerning financial dealings of the School Board. Mr. Barna indicated that some of his friends similarly had concerns about financial dealings of the School Board.

17. In response thereto, School Board President Mr. Jeff Markovich invited Mr. Barna to bring his friends to a subsequent School Board meeting. In response to this invitation, Mr. Barna quipped to the effect that "they carry guns, you wouldn't want that." Various members of the School Board responded with laughter to this quip. Mr. Markovich responded that "Aah well, I'll wear my bullet-proof vest."

18. On or about April 22, 2010, Mr. Barna attended a public meeting of the School Board (the "April 22, 2010 School Board Meeting"). At the commencement of the April 22, 2010 School Board Meeting, Mr. Markovich requested that Mr. Barna leave meeting purportedly based upon the above-referenced comments of Mr. Barna at the April 8, 2010 School Board Meeting.

19. In so doing, Mr. Markovich said to the effect that Mr. Barna's comments "...could have been taken as a threat, and until it can be clarified, I have to ask Mr. Barna to leave."

20. To explain himself, Mr. Barna attempted to explain himself, indicating that he had been joking. Mr. Markovich ultimately asked that Mr. Barna be removed from the meeting by a security guard. As he was leaving, Mr. Barna, in response to commentary from audience members in attendance at the April 22, 2010 School Board Meeting, jokingly stated to the audience to the effect that he might come after all of them. Mr. Markovich utilized this statement to the audience as pretense to claim a "threat" to the School Board.

5

21. On April 27, 2010, Mr. Barna received a letter from School District Superintendent Rosemary Porembo, on behalf of the School Board, stating that, *inter alia*, that he would be barred from further meetings of the School Board if he used "threats."

22. Approximately one and one-half years later, on October 21, 2011, Mr. Barna, after having attended numerous School Board meetings between April, 2010 and September 2010, received a letter from School District Solicitor Robert T. Yurchak, Esquire, on behalf of the School Board, barring Mr. Barna from School District property, effectively barring him from attendance at School Board meetings. This letter, without specifically citing any incident, but merely stated that Mr. Barna had become "intolerable, threatening, and obnoxious" and promised that "[s]hould you be found on any Panther Valley School District property you will be prosecuted to the fullest extent of the law."

23. Upon information and belief, Defendants' claims of "threats" constitute an unsubstantiated pretext to have Mr. Barna barred from meetings of the School Board.

24. Mr. Barna did not directly or indirectly threaten the School Board.

25. Upon information and belief, Mr. Barna's participation at School board meetings caused no more disruption overall than any discussion of School District business in which disparate substantive positions may exist.

## CAUSES OF ACTION

### COUNT I
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§1983, 1988
### Violation of First Amendment Speech Rights
### (Against all Defendants)

26. The foregoing allegations are incorporated as if re-alleged herein.

27. Mr. Barna's discussions and participation at meetings of the School Board are speech protected by the First Amendment to the United States Constitution.

28. Mr. Barna never discussed matters before the School Board in a fashion that could be considered to be overly disruptive the business of the School Board.

29. Mr. Barna did not engage in speech during School Board meetings that could be deemed inconsistent with the conduct of business of the School Board or the educational mission of the School District.

30. At all times relevant hereto, Mr. Barna's speech before the School Board constituted that of a private citizen addressing matters of public concern.

31. Mr. Barna's free speech rights attendant to participating in and/or attending meetings of the School Board outweighed any interest of Defendants in suppressing that speech.

32. Defendants violated Mr. Barna's right to free speech by having denying him the opportunity to participate in and/or attend meetings of the School Board and by barring him from future meetings of the School Board.

33. Defendants acted intentionally and with callous disregard for Mr. Barna's clearly established constitutional rights.

34. As a direct and proximate result of Defendants' violation of Mr. Barna's statutory and constitutional rights, Mr. Barna has suffered substantial damages including litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT TWO
### Unconstitutional Prior Restraint Pursuant to 42 U.S.C. §§1983, 1988
**Violation of First and Fourteenth Amendment Rights to Free Speech**
(Against all Defendants)

35. The foregoing allegations are incorporated as if re-alleged herein.

36. Defendants have effectively prohibited Mr. Barna from speaking at meetings of the School Board about matters of public concern pertaining to both the School Board and the School District.

37. Defendants prohibition of Mr. Barna from speaking at meetings of the School Board about matters of public concern pertaining to both the School Board and the School District constitutes and continues to constitute an unconstitutional prior restraint.

38. As a direct result of Defendants' actions, Mr. Barna suffered an unconstitutional deprivation of his rights under the First and Fourteenth Amendments to the United States Constitution.

39. Defendants acted intentionally and with callous disregard to Mr. Barna's known statutory and constitutional rights.

40. As a direct and proximate result of Defendants' violation of Mr. Barna's statutory and constitutional rights, Mr. Barna has suffered substantial damages including litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and compensatory damages, in an amount to be determined by a jury and the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, John Barna, requests judgment against Defendants as follows:

A. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants;

B. For appropriate compensatory damages in an amount to be determined at trial;

C. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C §1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to impact Mr. Barna's, or others' opportunities to meaningfully participate as citizens at meetings of the School Board;

D. For an award of reasonable attorney's fees and costs on Mr. Barna's behalf pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1988; and

E. For such other and further relief to which Mr. Barna may show himself justly entitled.

**PLAINTIFF, JOHN BARNA, REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

LAW OFFICES OF GARY D. MARCHALK, LLC

DATED: April 5, 2012          BY: _____
                                  Gary D. Marchalk, Esquire
                                  Attorney I.D. Number 200087
                                  Jonathan P. Phillips, Esquire
                                  Attorney I.D. Number 58359
                                  204 E. Broad Street
                                  Tamaqua, PA 18252
                                  Telephone: (570) 668-5321

                                  Attorneys for Plaintiff John Barna

## **VERIFICATION**

    I, John Barna, the undersigned, certify under penalty of perjury that I have read the foregoing document and that the factual averments contained therein are true and correct to the best of my knowledge, information and belief.

DATE: _April 5, 2012_

                                                                John Barna